**ELIZABETH M. BARROS**
California State Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5030
Telephone:  (619) 234-8467

Attorneys for Mr. Gilbert

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>SEAN NICHOLAS GILBERT<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 08CR0892-W

DATE: May 27, 2008
TIME:  2:00 p.m.

NOTICE OF MOTIONS AND MOTIONS TO:

(1)  COMPEL  DISCOVERY/  PRESERVE EVIDENCE; AND
(2)  GRANT  LEAVE  TO  FILE  FURTHER MOTIONS

TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
        LUELLA CALDITO, ASSISTANT UNITED STATES ATTORNEY:

        PLEASE TAKE NOTICE that on Tuesday, May 27, 2008, at 2:00 p.m., or as soon thereafter as

counsel may be heard, defendant, Sean Nicholas Gilbert, by and through his attorneys, Elizabeth M. Barros

and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//
//
//
//
//
//

# MOTIONS

Defendant, Sean Nicholas Gilbert, by and through his attorneys, Elizabeth M. Barros and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)     Compel Discovery/ Preserve Evidence; and
(2)     Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

   /s/ Elizabeth M. Barros
Dated:  May 13, 2008          **ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Gilbert

08CR0892-W

**ELIZABETH M. BARROS**
California State Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5030
Telephone:  (619) 234-8467

Attorneys for Mr. Gilbert

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>SEAN NICHOLAS GILBERT,<br><br>            Defendant. | ) CASE NO.  08CR0892-W<br>)<br>)<br>) DATE: May 27, 2008<br>) TIME:  2:00 p.m.<br>)<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN SUPPORT OF<br>) DEFENDANT'S MOTIONS<br>)<br>) |

**I.**

**STATEMENT OF FACTS**[1]

On February 15, 2008, Sean Nicholas Gilbert (hereinafter "Mr. Gilbert") was arrested after inspectors found three people hidden in the vehicle Mr. Gilbert was driving.

On or about March 26, 2008, an indictment was filed against Mr. Gilbert charging him with three counts of violating 8 U.S.C. § 1324(a)(2)(B)(ii), three counts of violating 8 U.S.C. § 1324(a)(2)(B)(iii), and aiding and abetting in violation of 18 U.S.C. § 2.

To date, Mr. Gilbert has received 164 pages of discovery and one CD-rom depicting the post-arrest interrogation of Mr. Gilbert.

---

[1]  This statement of facts is taken from the criminal complaint, indictment and discovery provided by the government.  Mr. Gilbert does not adopt these facts and reserves the right to challenge these facts at any future proceeding.

**II.**

## THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE AND PRODUCTION OF DISCOVERY.

Mr. Gilbert moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A); 16(a)(1)(B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Crim. P. 26.2. Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) <u>Brady Material</u>.  Mr. Gilbert requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Counsel specifically requests a complete copy of any criminal record.

(6) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  Mr. Gilbert requests that notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(8) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, all individuals discovered in the vehicle, the results of any fingerprint analysis, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant or any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

(9)  <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(10)  <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(11)  <u>Impeachment evidence</u>.  Mr. Gilbert requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(12)  <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(13)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Mr. Gilbert requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(14)  <u>Witness Addresses</u>.  The defense requests the names and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses).  The defendant also requests the names and last known address of every witness to the crime or crimes charged (or

1   any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

2   <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

3        (15)  <u>Namez of Witnesses Favorable to the Defendant</u>.  Mr. Gilbert requests the names of any witness

4   who made any arguably favorable statement concerning the defendant or who could not identify him or who

5   was unsure of his identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th

6   Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168

7   (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>,

8   444 U.S. 1086 (1980).

9        (16)  <u>Statements Relevant to the Defense</u>.  Mr. Gilbert requests disclosure of any statement that may

10  be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d

11  1105 (9th Cir. 1982).

12       (17)  <u>Jencks Act Material</u>.  The defense requests all material to which Mr. Gilbert is entitled pursuant

13  to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  Advance

14  production will avoid needless delays at pretrial hearings and at trial.  This request includes any "rough" notes

15  taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1).  <u>Campbell</u>

16  <u>v. United States</u>, 373 U.S. 487, 490-92 (1963).  This request also includes production of transcripts of the

17  testimony of any witness before the grand jury.  <u>See</u> 18 U.S.C. § 3500(e)(3).

18       (18)  <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant

19  requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange

20  for their testimony in this case, and all other information which could arguably be used for the impeachment

21  of any government witnesses.

22       (19)  <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the

23  defendant requests the reports of all tests and examinations conducted upon the evidence in this case.

24  Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within

25  the possession, custody, or control of the government, the existence of which is known, or by the exercise of

26  due diligence may become known, to the attorney for the government, and which are material to the

27  preparation of the defense or are intended for use by the government as evidence in chief at the trial.

28       (20)  <u>Henthorn Material</u>.  The defense requests that the prosecutor review the personnel files of the

officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least three weeks prior to trial and one week prior to the motion hearing. <u>See</u> <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in camera</u> inspection.

(21) <u>Informants and Cooperating Witnesses</u>. Mr. Gilbert requests disclosure of the addresses of all informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). Mr. Gilbert also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(22) <u>Expert Witnesses</u>. The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications. Fed. R. Crim. P. 16(a)(1)(G).

(23) <u>Residual Request</u>. The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Gilbert requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

### III.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Gilbert requests leave to file further motions as necessary upon review of discovery.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Gilbert respectfully requests that the Court grant the above motions.

1                                                Respectfully submitted,

2

3  Dated:  May 13, 2008                             ___/s/ Elizabeth M. Barros_____
                                           **ELIZABETH M. BARROS**

4                                            Federal Defenders of San Diego, Inc.
                                           Attorneys for Mr. Gilbert

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     08CR0892-W